IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FRUIT OF THE LOOM, INC.,     )
and RUSSELL BRANDS, LLC,     )
                             )
    Plaintiffs,              )
                             )    CIVIL ACTION NO.
    v.                       )      2:10cv1058-MHT
                             )
LONNIE C. BISHOP,            )
                             )
    Defendant.               )
```

OPINION AND ORDER

In this lawsuit, based on diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332, plaintiffs Fruit of the Loom, Inc. and Russell Brands, LLC claim that defendant Lonnie C. Bishop violated a "Trade Secrets and Non-Competition Agreement" he signed while employed by Russell.  Bishop now works for Gildan Activewear Charleston, Inc., a competitor of the plaintiffs in the activewear business.  At both Russell and Gildan, Bishop has worked as a manager in the distribution center.  The plaintiffs have asked the court to enjoin Bishop preliminarily from working or providing services to

Gildan during the pendency of this case. Based on the evidence presented at an evidentiary hearing on January 20, 2011, the plaintiffs' preliminary-injunction motion will be denied.

It is in the sound discretion of the trial court whether to issue a preliminary injunction. International Cosmetics Exchange, Inc. v. Gapardis Health & Beauty, Inc., 303 F.3d 1242, 1246 (11th Cir. 2002). A party seeking a preliminary injunction must satisfy a four-part test showing: (1) that it has a substantial likelihood of success on the merits; (2) that it would be irreparably harmed if an injunction were not granted; (3) that such harm outweighs the harm that would accrue to the opposing party if the injunction were granted; and (4) that the injunction would not be adverse to the public interest. American Civil Liberties Union of Florida, Inc. v. Miami-Dade County School Bd., 557 F.3d 1177, 1198 (11th Cir. 2009). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless

the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).

FIRST PART: At best, it is a close question whether the plaintiffs have established that they will succeed on the merits in the present case. The non-compete agreement at issue provides:

> "You agree that, for a period of twelve (12) months after termination of your employment with [Russell], you will not...work or provide services for a Competitor...in an area, position or capacity in which you gained particular knowledge or experience during your employ with [Russell], involving the sale, design, or manufacture of Competitive Products..."

Def.'s Br. at 4 (Doc. No. 21). All parties agree that the language preceding "involving the sale, design, or manufacture" applies to Bishop. He is working "in an area, position or capacity" at Gildan "in which [he] gained particular knowledge or experience" at Russell. The parties also agree that Bishop has had no involvement

3

with the "design" or "manufacture" of products at either Russell or Gildan. The only question remaining is whether his former or current position involves "sales."

Based on the limited evidence presented so far to the court and reading the contract against the plaintiffs as required by the agreed-upon applicable Kentucky law, see B. Perini & Sons v. Southern Ry. Co., 239 S.W.2d 964, 965 (Ky. 1951) (stating that "a contract is read liberally in favor of the person who accepts it rather than in favor of the person who draws it and submits it to the other person for acceptance"), the court believes that it is more likely that a factfinder would reasonably conclude that Bishop's job as a distribution manager does not involve "sales." As stated, at both Russell and Gildan, Bishop has worked in the distribution area, not in the identifiably separate sales area in either company. While it could be argued that all distribution relates to, and thus involves, sales, this is a slippery-slope argument that could lead to the non-compete agreement

encompassing all aspects of Gildan's business, for essentially all aspects of the business relate to sales in one way or another. Thus, the plaintiffs have not shown they have a substantial likelihood of success on the merits.

SECOND PART: A showing of irreparable injury is "the sine qua non of injunctive relief," Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Frejlach v. Butler, 573 F.2d 1026, 1027 (8th Cir. 1978)), for, "even if plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Siegel, 234 F.3d at 1176. Also, the irreparable injury asserted must be neither remote nor speculative, but actual and imminent. Id. Most notably, the harm must be of a kind that cannot be remedied by monetary damages. "The possibility that adequate

5

compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." United States v. Jefferson County, 720 F.2d 1511, 1520 (11th Cir. 1983). "An injury is irreparable only if it cannot be undone through monetary remedies." Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991).

In this case, the plaintiffs have presented no convincing evidence that they will be irreparably harmed by Bishop's continued employment at Gildan while this suit is resolved.  First, Bishop has already been at Gildan for almost two months, with no sign that his employment there has harmed the interests of the plaintiffs.  The plaintiffs have not identified any information Bishop has not already divulged to Gildan that a preliminary injunction entered now would keep him from divulging.  Therefore, the court cannot see how an injunction would serve any purpose at this point in time.

6

Second, while it is true that "the loss of customers and goodwill is an irreparable injury," BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC, 425 F.3d 964, 970 (11th Cir. 2005) (quoting Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991)), the plaintiffs have presented no evidence that they will lose customers or goodwill as a result of Bishop's employment by Gildan. See Curves Intern., Inc. v. Mosbarger, 525 F.Supp.2d 1310, 1314 (M.D. Ala. 2007) (Thompson, J.) (finding that plaintiff had presented no evidence of loss of customers or goodwill already that would lead the court to believe that further such losses were likely absent an injunction). Finally, the court is not convinced why, should the plaintiffs succeed on the merits, monetary damages will not suffice in this case.

THIRD PART: Also, balancing the equities weighs in favor of Bishop. Forcing him to quit his job throughout the pendency of a lawsuit would place a significant

hardship on him and his family, especially considering how long civil lawsuits generally take to resolve in the federal court system.  There is no evidence that a similar hardship will befall the plaintiffs if a preliminary injunction is denied.

FOURTH PART: Finally, there is no evidence that denying a preliminary injunction in this case would be adverse to the public interest.

The plaintiffs have not presented evidence sufficient to fulfill the four requirements for a preliminary injunction.  Most notably, they have failed to establish a likelihood of success on the merits or irreparable harm.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs Fruit of the Loom, Inc. and

**Russell Brands, LLC's motion for preliminary injunction (Doc. No. 2) is denied.**

**DONE, this the 21st day of January, 2011.**

                                          **/s/ Myron H. Thompson**
                                    **UNITED STATES DISTRICT JUDGE**